IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV272
(1:89CR147)

| | |
|---|---|
| THOMAS BROWN, JR., | ) |
| Petitioner, | ) |
| Vs. | ) ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.[1] No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

---

[1] The Petitioner's motion was received from the Fourth Circuit Court of Appeals where he attempted to seek permission to file a successive motion under § 2255. However, the Fourth Circuit denied the motion as unnecessary because Brown has not filed a previous § 2255 in this district court. *See* **Order filed July 20, 2005, Fourth Circuit No. 05-353.**

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

The Petitioner plead guilty to one count of kidnapping and was sentenced by then Chief Judge Richard L. Voorhees on February 3, 1993, to a term of imprisonment of 405 months. Attached to the judgment is a detailed Statement of Reasons justifying the sentencing court's upward departure from Criminal History Category I to VI, resulting in an increased range of imprisonment of 360 months to life. **Judgment in a Criminal Case, filed February 19, 1993, at 6(a), (b).** On appeal, the Fourth Circuit affirmed both the Petitioner's conviction and sentence in all respects, specifically stating "the departure to criminal history category VI was justified." ***United States v. Brown*, 46 F.3d 1127 (table), 1995 WL 24897, \*\*3 (4th Cir. 1995).**

Title 28 U.S.C. § 2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255.** The Petitioner did not petition the United States Supreme Court for a writ of *certiorari*; therefore, his conviction and sentence became final, for purposes of bringing an action pursuant to § 2255, ninety days later on April 18, 1995. ***United States v. Sosa*, 364 F.3d 507,**

**509 (4th Cir. 2004) ("Sosa notices a direct appeal, which we dismissed on July 31, 1998. Sosa did not file a petition for writ of *certiorari* in the Supreme Court of the United States, and his conviction therefore became 'final' for the purpose of § 2255's one year statute of limitations on October 29, 1998, ninety days after we entered judgment.").** Clearly, Petitioner's motion is untimely.

In this motion, the Petitioner seeks relief based on the recent Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Even if this petition was timely, Petitioner's arguments are without merit.

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. **United States v. Price, ____ F.3d ____, 2005 WL 53561 (10th Cir. 2005); *Varela v. United States*, ____ F.3d ____, 2005 WL 367095 (11th Cir. 2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269, 270 (4th Cir. 2004).**

As for *Apprendi,* the Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has

held that *Apprendi* may not be applied retroactively to cases on collateral review. **San-Miguel v. Dove**, 291 F.3d 257 (4th Cir. 2002).[2]  Such is the case here.

      **IT IS, THEREFORE, ORDERED** that the Petitioner's motion is hereby **DISMISSED**.

---

[2]Petitioner also cites the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  Like *Apprendi* and *Blakely*, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not.  ***See, Green, supra; McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

**Signed: August 12, 2005**

Lacy H. Thornburg
United States District Judge